*532 HELENE N. WHITE, Circuit Judge
(dissenting).
I respectfully dissent. The district court improperly found as fact that “the officers positioned themselves in a way that they were not applying direct pressure to Campbell’s back or blocking his airways,” PID 2865, when the evidence on that point was conflicting.
Several hours after the incident, Officer Bauman, who had arrived on the scene after Defendant Smith, stated that Hatter was “straddling” Campbell and “holding his shoulders to the ground.” PID 2504. Defendant Smith stated on the day of the incident that Hatter “bear hugged Mr. Campbell holding him to the floor.” PID 2502. And Defendant Wallace stated that Hatter “was on Campbell’s back, Officer Smith was holding Mr. Campbell’s feet, and I was knelt down on the blanket holding Mr. Campbell’s right shoulder. Mr. Campbell was struggling harder and harder to get up.” PID 2508. Summary judgment was improper given the conflicting testimony regarding whether weight or pressure were applied to Campbell’s back as he lay in prone restraint. See Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); see also King v. Taylor, 694 F.3d 650, 663 (6th Cir.2012) (reversing grant of summary judgment in officer’s favor in excessive-force case, observing, “What exactly happened just before King was shot is a question for the jury, as both sides’ theories of what transpired are sufficiently supported by evidence in the record.”).
I also disagree with the majority’s characterization of Dr. Peters’s report as lacking “facts or analysis bearing on the reasonableness of the officers’ conduct.” Maj. Op. at 527. Dr. Peters’s report is not conclusory, see Williams v. Ford Motor Co., 187 F.3d 533, 543-44 (6th Cir.1999) (a conclusory expert report is insufficient to defeat summary judgment); it discusses Defendants’ training in managing the mentally disabled, describes Defendants’ conduct during the incident based on their own reports and reports of others at the scene, and sets forth a timeline of the incident based on those reports. Dr. Per ters opined that Defendants acted unreasonably by 1) unnecessarily escalating the situation by confronting Campbell, and 2) failing to identify, despite their training, that Campbell was in- medical distress (suffering from excited delirium) and that the situation was a medical emergency necessitating medical attention. On the latter point, Hatter told Defendant Wallace when he arrived on the scene that Campbell should be taken to Eastern State Hospital, a mental-health facility. PID 2845. But Defendants did not summon medical help until after Campbell stopped breathing, around 3:55 p.m. PID 1768-69, 1460.
Given Dr. Peters’s report and the factual record on which it is based, I conclude that the reasonableness of Defendants’ use of force was a question for the jury, and would reverse.